Opinion of the Court, by
Ch. J. Boyle.
Strong having brought suit against Lynch and Hall, M’Clelland, the then sheriff, to whom the writ requiring bail was directed, returned it “executed, and appearance bond given, with John Blanton appearance bail.” *203 A common order was taken against the defendants and their bail, which was afterwards confirmed and final judgment given for Strong; from which the defendants appealed to this court, where the judgment was reversed, on error being confessed by Strong’s counsel.
A man cannot be said to be guilty of a fraud, when neither his actions nor his motives are illegal.
After the cause was remanded to the inferior court, Strong proceeded to take a common order against the defendants and Blanton, who was appearance bail for Lynch and M’Clelland, as sheriff, for not having returned a bail bond as to Hall. The common order was confirmed at the next rules; but it was afterwards set aside in court, as to Lynch and his bail; on his giving special bail and pleading to the action; and on Lynch relinquishing his plea, judgment was entered against him, Hall and M’Clelland, as sheriff. To stay proceedings upon that judgment, M’Clelland filed this bill, with injunction, alleging as grounds of relief, that error, in the former judgment, was confessed fraudulently, when in truth there was no error, and that Lynch and Hall, who were able to have paid the judgment, when first obtained, had become insolvent. The fraud in confessing the judgment is denied in the answer, and the insolvency of the defendants is not admitted. The bill, on a final hearing, being dismissed, M’Clelland has brought the case before, this court by writ of error.
There is no proof of fraud in confessing error in the first judgment, unless it be found in the circumstance that the error was insufficient to have authorised the court, without the confession, to reverse the judgment. But this circumstance cannot, in our opinion, justify a presumption of fraud. It is much more probable, that it proceeded from a mistaken apprehension of the law, than from any other motive. The case is, indeed, difficult to be imagined, if it can exist at all, in which a man can be guilty of a fraud in consenting to the reversal of a judgment obtained in his own name and for his own benefit. If, in this case, it were admitted that Strong’s counsel knew there was no error, and had consented to the reversal of the judgment for the purpose of proceeding against the sheriff, still it would not follow that the confession of error was fraudulent; for there would be nothing, even according to that supposition, either in the act done or in the object in view, which is illegal; and a man cannot be said to be guilty of a fraud, where neither his actions nor his motives are illegal.
*204 As to the insolvency of the principal defendants in the action at law, it does not seem to be material whether the fact be so or not. As, by the default of the sheriff, he has become bound in law to pay the debt, a court of chancery cannot interpose to relieve him, to the prejudice of the creditor, the equity of whose claim is incontrovertible.
Decree affirmed with costs.